**Jose Oswaldo RENDEROS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73603.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 28, 2006.

Jose Oswaldo Renderos, Van Nuys, CA, pro se.

CAC-District Counsel, Esq., Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Jeffrey J. Bernstein, Esq., Susan K. Houser, Esq., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Jose Oswaldo Renderos, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's ("IJ") decision denying his motion for administrative closure of removal proceedings to permit him to apply for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the agency's legal determinations, *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir.2002), and we deny the petition for review.

Renderos' contention that he is not required to show seven years of continuous physical presence because he is the minor child of a NACARA principal is unavailing. Evan as the child of a NACARA applicant, Renderos must establish each of the applicable statutory criteria, including seven years continuous physical presence, to be eligible for relief. *See* NACARA § 203(a), (b); 8 C.F.R. § 240.66. Because there is no dispute that Renderos did not meet the continuous physical presence requirement, the IJ did not err in denying his motion to administratively close proceedings to permit Renderos to apply for relief under NACARA.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).